**SO ORDERED: June 02, 2006.**

_____
**James K. Coachys
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| DARE AFOLABI, ) | Case No. 06-02437-JKC-13 |
| ) | |
| Debtor. ) | |

### ORDER DISMISSING CASE

This matter comes before the Court on the Chapter 13 bankruptcy petition of Debtor Dare Afolabi, filed on May 16, 2006. For the reasons stated below, the Court dismisses Debtor's case.

On October 17, 2005, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, P.L. 109-8, 119 Stat. 37 amended the United States Bankruptcy Code to include 11 U.S.C. § 109(h). That section provides that "[a]n individual *may not be a debtor under this title unless* such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency . . . an individual or group briefing . . . that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis." (Italics added). To establish compliance with this requirement, a debtor must file with the petition a certificate from the credit

counseling agency and, if applicable, a debt repayment plan. *See* 11 U.S.C. § 521(b).

The requirements of § 109(h)(1), however, do not apply with respect to a debtor who submits to the Court a certification that: (1) describes "exigent circumstances" that merit a deferral of the credit counseling requirement; (2) states that debtor requested credit counseling services from an approved credit counseling agency, but was unable to obtain them during the 5-day period beginning on the date on which the debtor made the request; and (3) is satisfactory to the Court. *See* 11 U.S.C. § 109(h)(3)(A). While the current exigent circumstances form posted on the Court's website does not so specify, an "exigent circumstances" certification should ideally "set forth the facts underlying any alleged exigent circumstances, the date(s) on which the debtor requested credit counseling, which agencies were contacted to render the services, why the debtor believes that the services could not be obtained before the filing, and when the services are reasonably likely to be obtained." *See In re Hubbard*, 333 B.R. 373, 376 (Bankr.S.D.Tex.2005).[1]

Debtor filed a Chapter 13 petition on May 16, 2006. Along with his petition, Debtor filed a Certification of Exigent Circumstances seeking a deferral of § 109(h)'s credit counseling requirement (the "Certification"). Two days later, he filed an Amended Certification of Exigent Circumstances (the "Amended Certification").[2] Debtor's Certification stated only that a sheriff's

---

[1] The credit counseling requirement also does not apply to "a debtor whom the court determines, after notice and a hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone." 11 U.S.C. § 109(h)(4).

[2] While the Court has considered Debtor's Amended Certification in reaching its decision, it notes that eligibility for bankruptcy is determined as of the petition date. As such, any information that Debtor wanted to provide to the Court should have been included in his original Certification. The Court also notes that neither the Certification nor Amended Certification were made under penalty of perjury. Case law suggests that a § 109(h) certification must be made under oath. *See id.*; *In re La Porta*, 332 B.R. 879, 881 (Bankr.D.Minn.2005); *see also* 28 U.S.C. § 1746 (a certificate made pursuant to law must be made under penalty of perjury). Consistent with that, the "exigent circumstances" certification form provided by the Court on its website includes such an oath. While Debtor signed the Certification and Amended Certification,

2

sale, presumably of the Debtor's residence, was scheduled for May 17, 2006. In his Amended Certification, Debtor elaborated by stating that "[he] had very little time on May 16, 2006 to schedule credit counseling as the final decision to file bankruptcy was made less than 24 hours before the sheriff sale of [his] house and [he] was negotiating with the mortgage company up to the day before the sheriff sale scheduled for May 17, 2006."

The Court does not question Debtor's claim that a sheriff's sale prompted his bankruptcy filing. A sheriff's sale, however, does not in and of itself merit a deferral of the credit counseling requirement. In this Court's opinion, the proper focus under § 109(h) is not on the circumstances that hastened or precipitated the bankruptcy filing but on whether those circumstance or any other *prevented* the debtor from being able to obtain credit counseling prior to filing for bankruptcy. *See In re Valdez*, 335 B.R. 801, 803 (Bankr.S.D.Fla.2005). In Indiana, sheriff's sales are scheduled with at least 21 days' notice to the mortgagor. *See* IND. CODE § 32-29-73. In the absence of any contrary assertion, the Court presumes that Debtor was aware of the sale and the threat it posed to his residence. Yet, it appears that he waited until the last minute to seek legal advice and bankruptcy protection. This self-created emergency does not constitute "exigent circumstances." *See In re Rodriguez*, 336 B.R. 462, 474 (Bankr.D.Id.2005) ("Waiting . . . until the eve of creditor action before addressing the § 109(h) prerequisite for filing bankruptcy makes the exigency rather self-inflicted."); *see also In re Dixon*, 338 B.R. 383, 388 (8th Cir.BAP 2006) (foreclosure sale does not merit deferral of credit counseling requirement); *In re DiPinto*, 336 B.R. 693, 698 (Bankr.E.D.Pa.2006) (same).

Based on the additional information provided by the Amended Certification, it appears that

---

he omitted the oath.

Debtor wants the Court to place some significance on the fact that he was "negotiating" with his mortgage company on the eve of the sheriff's sale. The Court questions whether mortgage companies typically engage in serious negotiations at this point in the foreclosure process. They have, after all, already expended a great deal of time and money in foreclosing the lien and obtaining a judgment. Debtor's "negotiations" may have been nothing more than a one-sided attempt to stop the inevitable. Even giving Debtor the benefit of the doubt, however, the Court cannot conclude that such negotiations prevented him from obtaining credit counseling. Instead, he made an unfortunate choice to place all of his eggs in one basket and to avail himself of bankruptcy protection only after it became clear that he could not prevent the sheriff's sale from going forward.

The requirements of § 109(h) are written in the conjunctive. *See In re Henderson*, 339 B.R. 34, 37 (Bankr.E.D.N.Y.2006); *In re Wallace*, 338 B.R. 399 (Bankr.E.D.Ark.2006). Therefore, to obtain a deferral of the credit counseling requirement, Debtor was also required to show that he requested, but was unable to obtain, credit counseling "during the 5-day period beginning on the date on which the debtor made that request." *See* 11 U.S.C. § 109(h)(3)(A)(ii). Debtor has not made that showing.

Per his Certification, Debtor stated that he was unable to obtain credit counseling services "during the five-day period from May 16." In the Amended Certification, Debtor indicated that "[he] requested credit counseling service from an approved nonprofit budget and credit counseling agency, but was unable to obtain them during the five-day period from May, 16, 2006. [He] contacted Momentive Credit Counseling Services located in Indianapolis, Indiana . . . on May 18,

4

2006 and [he has] an appointment for credit counseling services."[3]  The Amended Certificate creates some doubt in the Court's mind as to whether Debtor requested counseling *before* filing his petition.  Even assuming that he did, Debtor has failed to satisfy § 109(h)(3)(A)(ii).

Arguably, § 109(h)(3)(A)(ii) is awkwardly worded, making it unclear whether a debtor is required merely to request credit counseling prior to filing for bankruptcy relief or whether such request must be made at least five days prior to filing.  *Contra DiPinto*, 335 B.R. at 699 (finding that even though Congress likely intended the five-day period to run pre-petition, the language of the statute unambiguously provides otherwise).  While courts are unfortunately not in agreement on this issue, in this Court's opinion, the most logical reading of the statute dictates that debtors must attempt to obtain credit counseling *at least five days* in advance of filing.  *See In re Carey*, 2006 WL 1321419 (Bankr.M.D.Fla.2006); *In re Cleaver*, 333 B.R. 430, 435 (Bankr.S.D.Ohio2005) (noting in dicta that § 109(h)(3)(A)(ii) would appear to require a five-day waiting period before a debtor could file a petition together with the certification).  To hold otherwise would render the statute's reference to a "5-day period" nonsensical.  If a debtor is able to satisfy § 109(h)(3)(A)(ii) by showing that he unsuccessfully requested credit counseling the day before filing a bankruptcy petition, then what relevance does the 5-day period have?

Furthermore, the Court's reading of the statute is more consistent with Congress's intent in requiring credit counseling as a prerequisite to bankruptcy protection.  As explained by one court:

> It appears that the intent of Congress was to require individuals to consider an alternative to bankruptcy prior to the petition date and to discourage hasty filings. This goal is not accomplished if the individual waits until just before the petition date

---

[3] On May 23, 2006, Debtor filed a Certificate of Credit Counseling indicating that he received counseling on May 19, 2006.  In the absence of a deferral, the fact that Debtor ultimately obtained credit counseling is irrelevant to the Court's decision.

to seek credit counseling. Dismissal may be a harsh result for debtors who wait until the last minute to deal with this issue of eligibility; however, the statute appears to be designed to encourage debtors to be proactive about their financial situation and deal squarely with their insolvency at least five days before they seek relief in this Court.

*In re Dansby*, 340 B.R. 564, 568 (Bankr.D.S.C.2006); *see also In re Talib*, 335 B.R. 424, 427 (Bankr.W.D.Mo.2005) ("Congress may have intended [the 5-day] requirement as an objective limitation on the exigent circumstances exception . . . ."). If Congress intended otherwise, it presumably would have simply stated that debtors need only demonstrate that they unsuccessfully attempted to obtain credit counseling "prior to" filing for bankruptcy.

Based on the foregoing, the Court concludes that Debtor has failed to satisfy the requirements of § 109(h) and that he cannot be a debtor under the Code. His case is, therefore, dismissed. As several other courts have pointed out, § 109(h)'s requirements may lead to harsh and arguably inequitable results. However, enforcement of § 109(h) is mandatory. The Court has no discretion but to dismiss a case when the debtor fails to file a certification in compliance with its provisions. *See Rodriguez,* 336 B.R. at 472; *Talib*, 335 B.R.at 424; *In re Watson*, 332 B.R. 740, 745 (Bankr.E.D.Va.2005) (the plain meaning of section 109(h)(3) may produce unpopular and burdensome results, but the court is not the forum in which to seek a remedy; "the proper venue instead lies with Congress.").

###

Distribution:

Debtor
UST
Chapter 13 Trustee
Jeffrey K. Eicher